**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10993

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STANLEY WILLOCKS HODGSON,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00234-KKD-SMD-1

————————————

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Stanley Willocks Hodgson appeals his sentence for distributing cocaine, possessing with intent to distribute fentanyl, and possessing a firearm and ammunition as an alien admitted to the

United States under a nonimmigrant visa.  He argues that the discrepancy between the conditions of supervised release orally imposed by the district court at sentencing and the conditions listed in the written judgment violates his right to due process.  In response, the government has moved to dismiss this appeal pursuant to the sentence appeal waiver in Hodgson's plea agreement.  We grant the motion to dismiss but remand for the district court to correct its written judgment to conform with the oral pronouncement of sentence.

We review the scope and validity of a sentence appeal waiver de novo.  *United States v. Read*, 118 F.4th 1317, 1320 (11th Cir. 2024); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We will enforce a sentence appeal waiver if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  A valid appeal waiver waives "the right to appeal difficult or debatable legal issues"—including constitutional issues—"or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

Here, it is evident from the record that Hodgson knowingly and voluntarily waived the right to appeal his sentence.  In the plea agreement, which Hodgson read, reviewed with his attorney, and signed, he agreed to waive his right to appeal or collaterally attack his conviction and sentence unless the government appealed.  The magistrate judge discussed the plea agreement—including specifically the appeal-waiver provision—with Hodgson at the change-of-

plea hearing and confirmed that he understood that he was waiving the right to appeal. *See United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). Hodgson's procedural due process challenge to the oral pronouncement of his sentence is barred by his knowing and voluntary waiver of the right to appeal. *See Read*, 118 F.4th at 1321–22; *Bascomb*, 451 F.3d at 1297.

But Hodgson has also identified a conflict between the district court's orally pronounced sentence and the written judgment. Specifically, during its oral pronouncement of sentence, the district court imposed a four-year term of supervised release with several special conditions of supervision. The court did not impose or refer to the discretionary "standard" conditions of supervision listed in the United States Sentencing Commission's Sentencing Guidelines. *See* U.S.S.G. § 5D1.3(b)(2). But the court listed those discretionary conditions, in addition to the mandatory and special conditions included in its orally pronounced sentence, in its written judgment.

The imposition of a term of supervised release as part of a defendant's sentence necessarily incorporates the conditions of release mandated by 18 U.S.C. § 3583(d), so district courts are not required to orally pronounce those conditions at sentencing. *See United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023); *see also Smith v. Doe*, 538 U.S. 84, 101 (2003) ("[p]robation and supervised release entail a series of mandatory conditions"). But sentencing courts are required to pronounce any discretionary conditions of supervised release at the defendant's sentencing hearing,

either explicitly or by reference to a written list.  *Rodriguez*, 75 F.4th at 1246.

When a written criminal judgment conflicts with the district court's unambiguous oral pronouncement of the sentence, "the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  We generally treat a conflict between the written judgment and the oral pronouncement as a "clerical error" in the written judgment that can be rectified in the district court pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *See Read*, 118 F.4th at 1322; *United States v. Portillo*, 363 F.3d 1161, 1164–65 (11th Cir. 2004).  If we determine on appeal that such an error exists, "we remand with instructions for the district court to correct the judgment" to conform with the oral pronouncement. *Read*, 118 F.4th at 1322; *Bates*, 213 F.3d at 1340.

We emphasize that the district court here did not simply fail to orally describe in detail the conditions of supervision it imposed in its written judgment.  *See Read*, 118 F.4th at 1321 (concluding that a similar claim was barred by the defendant's sentence appeal waiver).  Instead, the district court at sentencing orally and unambiguously imposed one set of supervised release conditions—the conditions mandated by statute and a short list of explicitly discussed special conditions—and included in its written judgment an additional set of discretionary conditions that were not mentioned at sentencing.  So although we dismiss the appeal, we also remand to the district court to correct the written judgment.

25-10993                Opinion of the Court                5

The government's motion to dismiss this appeal is GRANTED. We REMAND for the district court to correct the written judgment to conform with the oral pronouncement of sentence.

**DISMISSED and REMANDED.**